Filed 6/23/23  P. v. Mendez  CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AURELIANO MENDEZ,<br><br>  Defendant and Appellant. | E080256<br><br>(Super.Ct.No. FWV17000794)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Aureliano Mendez, in pro. per.; Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Aureliano Mendez appeals the order of the San Bernardino County Superior Court denying his petition for resentencing made pursuant to section 1172.6.[1]

## BACKGROUND

In April 2018, a jury found defendant and his codefendant, David Ernesto Avina, guilty of first degree murder (§ 187, subd. (a)) and participation in a criminal street gang with a gang enhancement (§ 186.22, subds. (a) & (b)(1)(C)).  It also found true an enhancement for the personal and intentional discharge of a firearm by a principal that caused death of a person other than an accomplice.  (§ 12022.53, subds. (d) & (e)(1).)  The court sentenced each of them to a state prison term of 50 years to life.  Defendant and Avina appealed from the judgment.  (*People v. Avina, et al.* (June 15, 2020, E070428) [nonpub. opn.].)  We modified the sentence to strike a 10-year stayed term for the gang enhancement and affirmed.  (*Ibid.*)

In October 2022, defendant filed a petition for resentencing pursuant to section 1172.6.  At the eligibility hearing, the trial court found defendant did not meet the criteria for relief because the court's records established (i) he was convicted under a theory of direct aiding and abetting with the intent to commit murder, and (ii) the jury had not been given instructions on the felony-murder rule or the natural and probable consequences doctrine.  Defendant timely noticed this appeal.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

2

Defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests we exercise our discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record. The brief lists the following issues considered by counsel: (i) whether the petition established a prima facie showing of eligibility for section 1172.6 relief such that the court should have issued an order to show cause; (ii) whether the trial court engaged in impermissible factfinding; (iii) whether the court relied on its recollection of the facts adduced at trial; and, (iv) whether subdivision (c) of section 1172.6 required the court fully set forth in writing its reasons for denying the petition.

Upon receipt of the opening brief, we notified defendant of his counsel's inability to find an arguable issue, advised him we are not required to conduct an independent review of the record, and invited him to file any arguments he deemed necessary.

**DISCUSSION**

In his handwritten letter submitted in response to our invitation, defendant makes several claims in support of his request that we remand his case for a new hearing on the issue whether his petition states a prima facie case for resentencing relief pursuant to section 1172.6. We are not persuaded.

First, defendant asserts the court lied when it said defendant was in state prison at the time it set defendant's petition for a determination of his eligibility for section 1172.6 relief. It appears defendant was not in prison but rather was housed in a county detention

center awaiting trial on another matter at the time his petition was filed and heard. There is no indication in the record, and we discern no reason to conclude, that the court intentionally misrepresented defendant's whereabouts. Moreover, his counsel was aware of his location and defendant does not claim—and we do not find—that he was prejudiced by the statement.

Second, defendant complains the court waived his presence when it set the eligibility hearing, and did so without his knowledge or consent or his counsel's approval. The record does not contain a formal waiver by defendant or his counsel. It does reflect, however, that his counsel was provided with a copy of the minutes and petition. Counsel neither requested an order to have defendant transported nor objected to the court going forward with the eligibility determination in his absence.

We need not address here whether the court was required to obtain a specific waiver of defendant's presence on the record or whether he had a constitutional right to attend absent a waiver because any error in the conduct of the hearing without his presence was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18; *People v. Basler* (2022) 80 Cal.App.5th 46, 51, 57-58.) There is nothing defendant could have contributed to the hearing that would have changed the result in view of the jury instructions given at his trial or the jury's verdict finding him guilty of first degree murder because of his participation as a direct aider and abettor.

Third, defendant claims he was not provided effective assistance of counsel at the hearing. He argues his counsel and counsel for the People did not know anything about the case because they were not the attorneys who tried the case, and complains counsel did not submit briefing, request additional time to properly prepare for the hearing, or argue his petition should be granted. There is nothing in the record to suggest counsel was not familiar with the defendant's case. Briefing is not required if, as here, the court appointed counsel and afforded the opportunity for briefing, and the record refutes the petition's allegations. (See *People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) And, because the record establishes defendant was convicted on the theory that he directly aided and abetted with the intent to commit murder, his counsel's submission of the matter was entirely appropriate.

Fourth, defendant states he did not ask for appointment of appellate counsel. Defendant overlooks the fact his notice of appeal includes a request for counsel and, in all events, he does not claim he suffered any prejudice from the appointment.

Fifth and last, defendant argues the trial court's failure to order briefing and conduct an evidentiary hearing foreclosed his ability to present his claim that the only evidence he participated in the crime was an illegally obtained recording of his conversation with a jailhouse informant and, therefore, he is entitled to resentencing.

As we have explained *ante,* the jury found defendant directly aided and abetted Avina with the intent to commit murder, that is, malice was not imputed to him. We note as well that, in defendant's appeal from the judgment, we considered and rejected the

5

argument that the recording of defendant violated the confrontation clause and held it was properly admitted into evidence.  (*Avina, supra,* E070428.)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:


SLOUGH_____

J.


MENETREZ_____

J.